**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:05-CR-580 CAS |
| MICHAEL STEVEN SHEPARD, | ) ) | |
| Defendant. | ) ) | |

### ORDER

This matter is before the Court on various pretrial matters. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge Thomas C. Mummert. On May 3, 2006, Judge Mummert filed a Report and Recommendation of United States Magistrate Judge which recommended that defendant's Motion to Suppress Evidence and Statements be denied. On May 11, 2006, defendant filed objections to the Report and Recommendation.

**I. Background**

Defendant Michael Shepard is charged in a six count indictment with the following: (1) possession with intent to distribute crack cocaine in excess of five grams, (2) carrying a firearm in furtherance of a drug trafficking crime; (3) felon in possession of a firearm (three counts), and (4) possession with intent to distribute crack cocaine in excess of fifty grams.

These charges arise from three separate encounters with the police.[1] The first encounter occurred on October 24, 2004. On that date, defendant was detained and arrested by Dellwood

---

[1] These facts are given for informational purposes related to defendant's objections to the Report and Recommendation. A complete description of the facts is contained in the Memorandum of the Magistrate Judge, document 33.

Police Officer Davis while defendant was parked on a commercial business parking lot at 12:40 a.m. After obtaining defendant's identification, Officer Davis arrested defendant based on an active warrant for his arrest in Velda City, Missouri. In a search of defendant, Officer Davis found crack cocaine and a search of the van incident to arrest revealed two handguns, crack cocaine, and marijuana.

Defendant's second encounter with police occurred on January 19, 2005. Defendant was detained and subsequently arrested by Richmond Heights Police Officer Stebelman. Defendant consented to a search of his vehicle and the search revealed a loaded gun, three bottles of prescription medication, and several car titles. Defendant was arrested for illegal possession of prescription medication.

Defendant's third encounter with the police occurred on February 23, 2005. On that date, St. Louis City police officers, acting on a tip from a confidential informant, detained defendant at his automobile repair shop. At the evidentiary hearing, Officer Walters testified that when defendant saw the police, he discarded an object later found to be crack cocaine. Defendant then fled from the police into the repair shop where one of the officers used a taser device on him. Defendant received a head injury due to a fall after he was tasered. The police subsequently arrested defendant for drug possession. Then, police read defendant his Miranda rights and defendant signed a consent form to search the office and auto repair shop. A search of the repair shop revealed a gun, a scale, and other items. During each of these encounters defendant made statements to the police that were not the result of police questioning.

## II. Discussion

Defendant filed several objections to the Report and Recommendation. First, defendant asserts that the Report and Recommendation is against the weight of the evidence and the law. Second, defendant contends that defendant's arrests by Officer Davis and Officer Stebelman were beyond the scope permissible and any statements made or evidence seized are the fruit of an illegal detention, arrest, and search and therefore should be suppressed. Third, defendant asserts that the evidentiary hearing testimony of Officer Walters regarding the February 24, 2005 incident is not credible for the following reasons: (1) discrepancies among the address given by the informant, the address where defendant was detained, and the address police officers gave to their dispatcher, (2) inconsistent information regarding when defendant signed the consent to search form, (3) discrepancies regarding whether the office in the repair shop contained a deadbolt lock or a padlock, (4) testimony that defendant discarded drugs in front of police is unbelievable, and (5) defendant could not give a knowing and voluntary consent to search shortly after being tasered.

The Court has carefully and independently reviewed the full record, and has listened to the tape of the evidentiary hearing held in this matter on April 24, 2006 and the dispatch tape of February 24, 2005. The Court is in full agreement with the stated rationale of the Magistrate Judge's recommendations, and will adopt the same.

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that the objections of defendant Michael Steven Shepard are overruled. [Doc. 36]

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained, adopted** and **incorporated** herein. [Doc. 34]

**IT IS FURTHER ORDERED** that defendant's Motion to Suppress Evidence and Statements is **DENIED**. [Doc. 20]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of May, 2006.